Appeal of **CHALMERS PUBLISHING** Docket No. 839.
CO.

Evidence *held* insufficient to support assessment under section 328.

Submitted January 28, 1925; decided February 27, 1925.

*Frank S. Bright, Esq.*, for the taxpayer.
*Robert A. Littleton, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

The Commissioner failed to compute the tax under section 328 and the deficiency arises from the computation under section 301. The taxpayer seeks special assessment.

## FINDINGS OF FACT.

The taxpayer was incorporated in 1912 and is engaged in the publication of two trade papers and a few books. It has no plant but derives its income largely from contracts for advertising in its magazines and subscriptions. Its printing and binding are done by an outside contractor.

In its original income-tax return for the calendar year 1919 it reported net income of $58,710.75. This was increased by the Commissioner through the disallowance of depreciation to $59,069.64. At the same time the Commissioner computed the excess-profits tax under section 328 at $14,129.55, which was 23.92 per cent of its corrected net income. Subsequently, the taxpayer filed an amended return showing a lower net income. Upon the basis of this substituted net income the Commissioner computed the income and profits tax, applied section 301, and determined a deficiency of $556.74.

Its assets on December 31, 1918, in round figures, consisted of:

| | |
|---|---|
| Cash | $5,000 |
| Accounts receivable | 56,000 |
| Notes receivable | 4,000 |
| Liberty bonds | 15,000 |
| Good will | 1,600 |
| Furniture and fixtures | 1,800 |

Its capital stock was $10,000 and its surplus $74,000. Its income, in round figures, was as follows:

| | |
|---|---|
| 1912 | $25,000 |
| 1914 | 46,000 |
| 1915 | 32,000 |
| 1916 | 66,000 |
| 1917 | 57,000 |
| 1918 | 22,000 |
| 1919 | 51,000 |
| 1920 | 36,000 |

It had no borrowed capital.

## DECISION.

The determination of the Commissioner is approved.

## OPINION.

STERNHAGEN: At the hearing most of the evidence upon which the above findings of fact are based was contained in the oral testimony of an accountant who was not in charge of the taxpayer's books, did not keep the books, and had not personally audited them. He supervised a special examination of the books in 1921 for the purpose of having an amended return prepared for 1919. When it appeared that he had no direct personal knowledge of the affairs of the taxpayer the Commissioner's counsel objected to his testimony. The objection was overruled and the testimony received. It seems clear now that the objection should have been sustained and the evidence, which was clearly inadmissible, excluded.

No harm, however, has been done, because it seems equally clear that, even if the evidence were competent, and accepting it for what it purports to be, it is inadequate to justify a decision for the taxpayer. The counsel of record for the taxpayer was called in hastily just before the hearing to present the case, with no time or opportunity for preparation. He did not draft the petition nor was he consulted about it. He merely presented such facts as the accountant gave him, without argument or any suggestion to the Board of their significance under section 327. The inadequacy of the facts to support an appeal from the deficiency must be apparent. That the Commissioner had previously allowed special assessment is of no avail because, for aught that appears, such original allowance may have been entirely unfounded. The Commissioner is not estopped.

The institution of an appeal such as this can not be too strongly condemned. The petition is most perfunctory, alleging merely that special assessment had been previously granted and showing the computations, and stating as the propositions of law upon which it is based the provisions of sections 327 and 328 as applying where an abnormal condition exists. It is not alleged that an abnormal condition exists nor is it proven. We can not resist the assumption that the appeal is filed in accordance with the well known custom of many practitioners before the Bureau of seeking special assessment as a last resort, not by proving clearly the existence of factors under section 327, but hoping thereby to secure a reduction not otherwise available. This the Board can not countenance. While, as we have decided in *Appeal of Oesterlein Machine Co.*, 1 B. T. A. 159, jurisdiction has not been withheld from us in special assessment cases, it does not follow that these sections of the statute are to be applied by this Board any more loosely or with any greater laxity of proof than any other provision of the statute.

Here we have only the facts that the taxpayer without any plant carries on a publishing business with certain capital and has derived certain income. To this situation the Commissioner at one time applied the special assessment sections, which he later withheld and determined a deficiency. We can not say that the deficiency thus asserted is erroneous.